LEMMON, Judge,
concurs and assigns reasons.
On the petitions in this record the exception of no cause of action can be sustained. However, since in my opinion the grounds of the objection can be removed by amendment, the judgment sustaining the exceptions should order such amendment within a delay allowed by the court. C.C.P. art. 934 Nevertheless, plaintiffs have declined the relief which would be afforded by an opportunity to amend, and I therefore concur in the decree which simply dismisses the action.
The petitions partially state a cause of action to annul a tax sale. However, the allegations are incomplete in that there are no factual assertions regarding the defendants’ possession.
In my opinion this is a petitory action, the Walmsley decision notwithstanding. Although plaintiffs do not specifically pray to be recognized as owners, such a demand is implicit in this action.[1] Indeed, plaintiffs have no right of action to annul the tax sale unless they claim ownership, and the method of judicially testing a claim of ownership is a petitory action.
Because this is a petitory action, the plaintiffs must allege whether or not each defendant is in possession, in order to determine what burden of proof of title is applicable.[2] Inasmuch as plaintiffs have declined to pursue this action as a petitory action, the suit was properly dismissed.

. I am unable to comprehend how a plaintiff can be required to prove his title only as an incident to his right to have a cloud removed (as required by the Walmsley decision), but is not required to prove his ownership. I simply cannot conceive how a party can avoid the burden of proof specified for a petitory action by claiming ownership in the body of the petition, as an essential element of an action to remove cloud from title, while at the same time disclaiming ownership as an issue by not claiming ownership in the prayer. .

. Apparently some defendants are in possession because oil company lessees and homestead mortgagees are among the defendants.